## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

WILLIAM JAMES KNIGHT,                    :
                                          :
               Plaintiff,                 :
                                          :
VS.                                       :          NO. 5:23-CV-00369-TES-CHW
                                          :
WARDEN JOE WILLIAMS, *et al.*,            :
                                          :
               Defendants.                :
_____             :

## ORDER

Plaintiff William James Knight, an inmate presently incarcerated in the Special Management Unit in Jackson, Georgia, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).   Plaintiff also seeks leave to proceed *in forma pauperis* in this action (ECF No. 2).   For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff must pay an initial partial filing fee of $20.00 if he wishes to proceed with this action.   In addition, Plaintiff may recast his Complaint on the Court's standard form to state his claims against the Defendants identified in the body of his Complaint, as explained in more detail below.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has moved for leave to proceed without prepayment of the filing fee in this action (ECF No. 2).   Because Plaintiff's submissions demonstrate that Plaintiff is presently unable to pay the cost of commencing this action, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED.**   Even if a prisoner is allowed to proceed *in forma*

*pauperis*, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account.   When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1).   A review of Plaintiff's prison trust fund account certification shows an average monthly balance of $100.00 over the last six months and a present balance on hand of $64.88.   Attach. 1 to Mot. Proceed IFP 1, ECF No. 2-1. Twenty percent of $100.00 is $20.00.   Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $20.00 if he wishes to proceed with this action.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.      Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor

custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.   <u>Plaintiff's Obligations on Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

3

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $20.00.   If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

## ORDER TO RECAST COMPLAINT

Plaintiff's claims arise from his present incarceration in the Special Management Unit in Jackson, Georgia.   Compl. 5, ECF No. 1.   According to the Complaint, Joe Williams, the prison's warden, and Tyrone Oliver, the Georgia Department of Corrections Commissioner, "refused to provide the names of potential defendants for a 42 USC § 1983 claim that [he is] attempting to file, preventing [him] from being able to do so."   *Id.* Plaintiff further submits that his "primary 42 USC § 1983 suit is under a time constraint that the statute of limitations poses and the appeal process can take up to 120 days, therefore, [he] opted to go ahead and file suit."   Attach. 1 to Compl. 1, ECF No. 1-1.

Plaintiff's allegations give rise to a claim that Defendants Williams and Tyrone have impeded his access to the courts.   "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment."   *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual

4

injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).   In other words, "[t]he injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010).

Plaintiff has not alleged facts sufficient to show that Defendants have caused him an actual injury.   Plaintiff's claims are based on his assertion that Defendants have prevented him from discovering the names of the individuals he wishes to name in another lawsuit.   It is true that generally, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).   But an exception to this rule exists when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown.   *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)).   Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).   In this case, Plaintiff has already been able to identify a last name and job title for each potential Defendant, along with their approximate dates of employment.   This information is sufficient to identify at least some of these individuals for service, and any remaining individual defendants could

likely be identified during discovery.   Thus, Plaintiff has not shown that Defendants have caused him any injury by allegedly failing to provide him with these names.

Because Plaintiff has indicated that he is concerned about the statute of limitations for his other § 1983 claims, however, he may recast his Complaint on the Court's standard form to raise those claims.   The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.   As noted above, Plaintiff should include as much information as he can about each of those individuals to identify them for service of process.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role?   Was the defendant personally involved in the constitutional violation?   If not, did his actions otherwise cause the unconstitutional action?   How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions?   If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

6

(4)     *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)     *What* did this defendant do (or not do) in response to this knowledge?

(6)     *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official.   Plaintiff will not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.   Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) and any other documents that appear to contain factual allegations that may be relevant to this action. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## CONCLUSION

To reiterate, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) pay an initial partial filing fee of $20.00, or submit a renewed motion for leave to proceed *in forma pauperis* demonstrating his present inability to pay; and (2) recast his Complaint on the Court's standard form if he wishes to proceed at this time with his substantive claims against the Defendants identified in the body of his current Complaint form. While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial

8

partial filing fee.  Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order.  Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.  Plaintiff is also directed to notify the Court immediately and in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.**  There shall be no service of process until further order of the Court.

      **SO ORDERED**, this 19th day of October, 2023.

      s/ Charles H. Weigle
      Charles H. Weigle
      United States Magistrate Judge