IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM JAMES KNIGHT, | : |
| Plaintiff, | : |
| VS. | : NO. 5:23-CV-00369-TES-CHW |
| WARDEN JOE WILLIAMS, *et al.*, | : |
| Defendants. | : |

**ORDER**

Plaintiff William James Knight, an inmate presently incarcerated in the Special Management Unit of the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On October 20, 2023, Plaintiff was ordered to (1) pay an initial partial filing fee of $20.00 or submit a renewed motion for leave to proceed *in forma pauperis* demonstrating his inability to pay and (2) recast his Complaint using the Court's standard form (ECF No. 4). Plaintiff timely filed two motions seeking additional time to comply with the Court's Order (ECF Nos. 7, 10). In his first motion, Plaintiff explained that "[d]ue to a mental health episode," he "was placed in a stripped cell where he was deprived of property" and was thus unable to comply with the Court's order. 1st Mot. Ext. 2-3, ECF No. 7. Plaintiff's motions are therefore **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to comply with the Court's October 20th Order.

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 8).  As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]  But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has been able to set forth the essential merits of his claims thus far despite his mental health conditions and his assignment to the SMU, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

To reiterate, Plaintiff's motions for an extension of time (ECF Nos. 7, 10) are **GRANTED**, and Plaintiff shall have an additional **FOURTEEN (14) DAYS** from the date of this Order to fully comply with the Court's October 20th Order. Plaintiff's motion for appointed counsel (ECF No. 8) is **DENIED**. Plaintiff is further reminded of his obligation to notify the Court immediately in writing of any change in his mailing address. **Failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of the Complaint.** There shall be no service of process until further order of the Court.

**SO ORDERED**, this 20th day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge