IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM JAMES KNIGHT, | : |
| Plaintiff, | : |
| VS. | : NO. 5:23-CV-00369-TES-CHW |
| WARDEN JOE WILLIAMS, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Plaintiff William James Knight, an inmate presently incarcerated in the Special Management Unit of the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Presently pending before the Court is Plaintiff's motion for leave to file excess pages (ECF No. 13) and his motion for a protective order (ECF No. 14). For the following reasons, it is **RECOMMENDED** that Plaintiff's motion for a protective order be **DENIED**. In addition, Plaintiff is **ORDERED** to respond and **SHOW CAUSE** why his case should not be dismissed for failure to follow the Court's orders and instructions. Plaintiff's motion to file excess pages is **GRANTED.**

## SHOW CAUSE ORDER

Plaintiff filed this action and moved for leave to proceed *in forma pauperis* on September 25, 2023. On October 20, 2023, Plaintiff's motion to proceed *in forma pauperis* was granted, and he was ordered to pay an initial partial filing fee in the amount

of $20.00. Plaintiff was further advised that he could file a renewed motion for leave to proceed *in forma pauperis* if circumstances had changed and he was unable to pay that amount. Plaintiff was given fourteen (14) days to comply and was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* Order, Oct. 20, 2023, ECF No. 4.[1]

Plaintiff subsequently filed a motion for an extension of time to pay the initial partial filing fee (ECF No. 10). The Court granted this motion and allowed Plaintiff an additional fourteen (14) days to pay the initial partial filing fee (or to submit a renewed motion for leave to proceed *in forma pauperis* explaining his inability to pay). *See generally* Order, Nov. 20, 2023, ECF No. 11.

The extended time for compliance has now passed, and Plaintiff has still failed to pay the filing fee, file a renewed motion for leave to proceed without prepayment of the filing fee, or explain his noncompliance. As Plaintiff has been warned, the failure to fully and timely comply with the orders and instructions of the Court is grounds for dismissal. As such, Plaintiff is now **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed. Plaintiff must file his response within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff must also comply with the Court's previous orders and instructions by paying the $20.00 initial partial filing fee or submitting a renewed motion

---

[1] Plaintiff was also given the opportunity to recast his Complaint on the Court's standard form, which he later did (ECF No. 12). Plaintiff simultaneously filed a motion for leave to include excess pages in his Recast Complaint (ECF No. 13). This motion is **GRANTED.**

2

for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** from the date of this Order if he wishes to proceed with this case.

## MOTION FOR PROTECTIVE ORDER

Plaintiff has also filed a "motion for protection order" in which he requests that he "be removed from the custodianship of the Georgia Department of Corrections and placed in a federal facility" or otherwise be given protective custody.  Mot. Prot. Order 1-2, ECF No. 14.  Plaintiff contends he has been "attempt[ing] to gain protective custody at (3) three different prisons" for the past two years, but to no avail.  *Id.* at 2.  Plaintiff states his life is in danger as "a gay ex-gang member" because "there is an unstated prison policy" that such individuals "get killed or worse."  *Id.*  Plaintiff further contends that he has been assaulted numerous times while he has been incarcerated, yet "no one will listen to [his] plea."  *Id.*  Plaintiff has also filed a declaration that appears to support his motion for a protective order reiterating his claims that he fears for his life in prison.  Pl.'s Decl. 1-2, ECF No. 15.

The Court construes Plaintiff's motion as one seeking a temporary restraining order ("TRO") or preliminary injunction.  A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint.  *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).  The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per

3

curiam). Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff does not clearly address these factors in his motion, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. This is particularly true given that this action is subject to dismissal given Plaintiff's continued failure to fully comply with the Court's orders and instructions, as set forth above. Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1), (b)(1). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief or a temporary restraining order (ECF No. 14) be **DENIED.**

## CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to file excess pages (ECF No. 13) is **GRANTED**, but Plaintiff is **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed. Plaintiff must also comply with the Court's previous orders and instructions by paying the $20.00 initial partial filing fee or submitting a renewed motion for leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS**

from the date of this Order if he wishes to proceed with this case. It is additionally **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief or a temporary restraining order (ECF No. 14) be **DENIED.**

Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order will likely result in the dismissal of this case.** There shall be no service of process until further order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 28th day of December, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge