# AIN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **WILLIAM JAMES KNIGHT,** *Plaintiff,* v. **Warden JOE WILLIAMS,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:23-cv-00369-TES-CHW** |

## ORDER

On March 5, 2024, the Court issued its Order [Doc. 23] adopting the United States Magistrate Judge's Recommendation of Dismissal [Doc. 21], and it dismissed this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 23, pp. 2–3]. However, on March 8, 2024, the Court received Plaintiff William James Knight's Motion to Dismiss [Doc. 25] dated February 28, 2024. [Doc. 25, p. 2]. In his dismissal motion, Plaintiff states that "the situation has improved to the extent required" and that he "no longer wishes to pursue this case." [*Id.*].

In accordance with *Smith v. Williams*, the Court treats Plaintiff's dismissal motion as a "self-executing notice of dismissal under [Federal Rule of Civil Procedure] 41." 67 F.4th 1139, 1140 (11th Cir. 2023). Rule 41(a)(1) "entitles a plaintiff to voluntarily 'dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.'" *Id.* (quoting Fed. R.

Civ. P. 41(a)(1)). This notice is "effective immediately upon filing"[1] and deprives the Court of jurisdiction. *Smith*, 67 F.4th at 1140–41 (first quoting *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012); and then quoting *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021)).

Given that Plaintiff moved to dismiss his case six days before the Court's entry of Judgment [Doc. 24], the Court **DIRECTS** the Clerk of Court to **VACATE** that Judgment as well as the Court's previous Order dismissing this case under Rule 41(b). The Court **GRANTS** Plaintiff's Motion to Dismiss [Doc. 25], and it further **DIRECTS** the Clerk of Court to **TERMINATE** the United States Magistrate Judge's Recommendation of Dismissal [Doc. 21] filed on February 12, 2024, **as moot**, and re-renter judgment accordingly.

**SO ORDERED**, this 8th day of March, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).